United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-60579
Summary Calendar

CLAUDIA LUNA-PEREZ,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A90 895 279

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Claudia Luna-Perez, represented by counsel, petitions this court for review of a final order of the Board of Immigration Appeals (BIA) affirming the immigration judge's decision finding her removable under to 8 U.S.C. § 1227(a)(1)(E)(i) (1997), and denying her application for cancellation of removal. In the instant petition Luna-Perez does not challenge the denial of her application for cancellation of removal, therefore, she has

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abandoned that argument.  See <u>Soadjede v. Ashcroft</u>, 324 F.3d 830, 833 (5th Cir. 2003).

Without citation to any authority, Luna-Perez argues that she did not make an "entry" as required by § 1227(a)(a)(1)(E)(i), because she was not "admitted," as that term is defined in 8 U.S.C. § 1101(a)(13)(A).  She asserts that under § 1101(a)(13)(C), as a lawful permanent resident, she is not subject to being "admitted" unless she, *inter alia*, committed an illegal activity after departing from the United States.  She asserts that the evidence that she departed the United States to engage in an unlawful activity was inadmissible and that its admission without affording her an opportunity for cross-examination violated her right to due process.

The BIA rejected Luna-Perez's argument that "entry" for the purpose of § 1227(a)(1)(E)(i) means "admission" under § 1101(a)(13).  Luna-Perez does not address the BIA's determination that for § 1227(a)(1)(E)(i), "entry" means "any entry within the commonly-understood meaning of that term," *i.e.*, crossing the border into the United States.  Nor does Luna-Perez challenge the BIA's factual finding that she made an "entry" based on her admission that she crossed the border into the United States before her arrest for alien smuggling.  Because Luna-Perez has not briefed any argument challenging the BIA's decision, she has abandoned the only issue before this court.  See <u>Soadjede</u>, 324 F.3d at 833; <u>Yohey</u>

v. Collins, 985 F.2d 222, 224- 25 (5th Cir. 1993); Brinkmann v. Dallas Cty. Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The BIA's conclusion that Luna-Perez had made an "entry" for the purpose of § 1227(a)(1)(E) was not based on any evidence which would show that she engaged in illegal activities after departure. Thus, this court will not address whether the challenged evidence was admitted improperly or whether its use violated Luna-Perez's right to due process.

Luna-Perez's petition for review is **DENIED**. The Respondent has filed a motion for summary affirmance of the BIA's decision and various motions regarding briefing. The motions are **DENIED** as **UNNECESSARY.**

**PETITION DENIED; MOTIONS DENIED AS UNNECESSARY.**